UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

N.A, individually, and on behalf of his child, E.A.,

Plaintiffs,

**COMPLAINT**

24cv-3810

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

----------------------------------------------------------------------x

N.A. ("Plaintiff", "N.A.," or "Parent"), individually and on behalf of his child, E.A. ("Plaintiff E.A." "E.A" or "Student")[1], a child with a disability in the above-captioned case, by and through her attorney, LAW OFFICE OF NOELLE BOOSTANI, by Noelle Boostani, ("Plaintiff's Counsel" or "Counsel") as and for their Complaint, alleges as follows:

**PRELIMINARY STATEMENT**

1. The New York City Department of Education ("Defendant" or "the DOE") violated the Plaintiffs' rights pursuant to the Individuals with Disabilities Education Act ("IDEA or IDEIA"), 20 U.S.C. §1400, et seq., the Due Process Clause of the 14th Amendment of the U.S. Constitution, 42 U.S.C.

---

[1] Pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232g (and 34 C.F.R. Part 99), Plaintiff is using the initials of the parent and student in all submissions for this action, with redactions of their names on all proposed evidentiary records, to protect their privacy rights; *see also H.L. v. N.Y.C. Dep't of Educ.*, No. 15-cv-2451, 2019 WL 181307, at *1 n.1 (S.D.N.Y. Jan. 11, 2019) (internal quotation marks omitted) (citing Fed. R. Civ. P. 5.2(a); 20 U.S.C. § 1417(c)).

§1983 ("Section 1983"), regarding Defendant's failure to reimburse / fund Plaintiff's reasonable attorney's fees, specifically pursuant to the IDEA's "fee shifting" provision, 20 U.S.C. § 1415(i)(3) as incurred for Impartial Hearing No. 216308, ("IH 216308"), and in Answer to the Defendant's appeal to New York Office of State Review No. 22-081 for the Student's 2021-2022 school year.

2. Plaintiffs reside in the County of Kings, State of New York.

3. Plaintiff E.A. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A) and under the ADA.

4. N.A. is the parent of E.A., as defined by IDEA, 20 U.S.C. § 1401(23).

5. Defendant is a public, legal entity and the local educational agency ("LEA") for the City of New York agency district, as defined by IDEA, 20 U.S.C. §1401(19), and as regulated by Parts 300 and 303 of the IDEA, which provide that as the LEA, the Defendant is obligated to provide parents with educational and related programs and services to its students, in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. §1400 et seq., and the regulations promulgated thereunder. 34 C.F.R. §§300, 303.

6. Pursuant to Article 89 of New York State Educational Law, Section 4402, the Defendant is charged with establishing and overseeing committees and subcommittees responsible for developing policies, tracking data, implementing proper practices, and providing appropriate special education services in accordance with the Regulations of the Commissioner on Education for the State of New York ("The Commissioner's Regulations"), and the statutes and regulations of the IDEA and New York State Educational Law. NY Educ L § 4402 (2014); 8 CRR-NY §§200.2; 200.4; 34 C.F.R. §300; 20 U.S.C. §1400 et seq.

7. The Defendant also constitutes as the Board of Education for the City of New York. NY Educ L § 2590-B (2014).

8. As the LEA, the Defendant is charged with providing due process as defined by the IDEA and The Commissioner's Regulations, and is the proper defendant to address and respond to complaints regarding the public agency's failure to provide an eligible student in its geographic responsibility with a FAPE. 34 C.F.R. §300; 8 CRR-NY §200.5; 20 U.S.C. §1415.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. §1331 in that claims are asserted under the federal laws of the United States, specifically 28 U.S.C. §1343(a), 20 U.S.C. §1400, *et seq.,* 42 U.S.C. §1983, and 29 U.S.C. §794*, et. seq*., and 20 U.S.C. §§2201 and 2202.

10. Venue is proper under 28 U.S.C. §1391(b), as Plaintiffs reside, and the Defendant maintains offices, within this judicial district, specifically as it pertains to this matter, within the County of New York, where the Defendant maintains various offices of related business within said district, including the offices of its legal counsel.

11. This Court has subject matter jurisdiction of this matter under 28 U.S.C. §1331, in that claims arise under federal law (IDEA), 28 U.S.C. §1343(a), in that the claims herein arise under laws providing for the protection of civil rights, and under 42 U.S.C. §1983.

## LEGAL FRAMEWORK

12. Congress enacted the IDEA to ensure that students with disabilities are provided with meaningful access to public education. States who participate in the IDEA receive substantial federal funds in exchange for their agreement to provide a free appropriate public education to all disabled

children in the state, and to comply with the IDEA's procedural and substantive mandates.

13. New York State has chosen to participate in the IDEA's frameworks, and is thus subject to the requirements of a State Educational Agency ("SEA") under the IDEA, which includes establishing procedures for providing special educational services to children with disabilities. 34 C.F.R. § 300; N.Y. Educ. Law § 4401 *et seq.*

14. ""The IDEA grants district courts the discretion to award reasonable attorneys' fees and costs to a prevailing party." R.G. v. New York City Dep't of Educ., No. 18-CV-6851, 2019 WL 4735050, at *1 (S.D.N.Y. Sept. 26, 2019). A plaintiff "prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." K.L. v. Warwick Valley Cent. Sch. Dist., 584 F. App'x 17, 18 (2d Cir. 2014). . . . "To calculate reasonable attorneys' fees under the IDEA, courts apply the 'lodestar' method," H.C. v. New York City Dep't of Educ., 71 F.4th 120, 126 (2d Cir. 2023), "whereby an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate," G.M. ex rel. R.F. v. New Britain Bd. of Educ., 173 F.3d, 77, 84 (2d Cir. 1999)."" V.B., individually and on behalf of her child, C.M., v. New York City Dep't of Educ., No. 22-cv-09555, Doc. 34 (3/14/2024).

15. ""[T]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." Fox v. Vice, 131 S. Ct. 2205, 2216, 180 L. Ed. 2d 45 (2011). Insofar as this goal required the district court to assess counsel's billing rates, we have directed consideration of "the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees"—including the <u>Johnson</u> factors—"in setting a reasonable hourly rate." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008); see also id. at 186 n.3 (enumerating Johnson factors)."

16. "The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19." *Arbor Hill Concerned Citizens Neighborhood Assn. v County of Albany*, 522 F3d 182, 186, n 3 (2d Cir 2007).

17. "To determine the attorneys' fees to which a prevailing party is entitled, a court must calculate each attorney's 'presumptively reasonable fee,' sometimes referred to as the 'lodestar,'" which is "calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended on the matter at issue." E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ., No. 11-CV-5243, 2014 U.S. Dist. LEXIS 34606, 2014 WL 1092847, at *2 (S.D.N.Y. Mar. 17, 2014) (citing Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 189-90 (2d Cir. 2008)). When determining a reasonable hourly rate for an attorney or paralegal, courts consider both the prevailing market rates for such legal services as well as the case-specific factors articulated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Arbor Hill, 522 F.3d at 190; G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist., 894 F. Supp. 2d 415, 426-29 (S.D.N.Y. 2012) (citations omitted). A court does not need to make specific findings as to each factor as long as it considers all of them when setting the fee award. E.F. ex rel N.R., 2014 U.S. Dist. LEXIS 34606, 2014 WL 1092847, at 3 (citations omitted)." R.G. v NY City Dept. of Educ., 2019 US Dist LEXIS 166370 (SDNY Sep. 26, 2019), No. 18-CV-6851 (VEC).

18. "A district court may award reasonable costs to the prevailing party in **IDEA** cases." C.D., 2018 U.S. Dist. LEXIS 134646, 2018 WL 3769972, at 12 (citing 20 U.S.C. § 1415(i)(3)(B)(i)(1)).

## MATERIAL FACTS

19. For Impartial Hearing No. 216308 ("IH 216308"), N.A. raised claims for the 2020-2021 and 2021-2022 school years at issue ("SYs at Issue") regarding the DOE's failure to provide Free and Appropriate Public Educations ("FAPE")s.

20. For the 2020-2021 school year, E.A. attended the second grade at her zoned public school with an IEP recommending Special Education Teacher Support Services ("SETSS") and Speech Language Therapy ("SLT").

21. For the following 2021-2022 school year, E.A. attended the third grade at The Churchill School and Center, with N.A. disputing the appropriateness of the applicable IEP prior to electing to enforce his right to unilaterally place his child in an appropriate private setting at the expense of the public and on notice to the DOE.

22. For IH 216308, Plaintiffs raised claims relative to E.A.'s 2020-2021 and 2021-2022 school years, seeking relief in the form of reimbursements for costs incurred for compensatory education tutoring obtained by the Plaintiff over the course of the year, seeking reimbursement for an Independent Educational Evaluation ("IEE"), and seeking tuition reimbursement and funding for E.A.'s placement at Churchill for the 2021-2022 school year.

23. On May 24, 2022, Plaintiffs prevailed on IH 216308, with a Findings of Fact and Decision ("FOFD 216308") holding that the DOE failed to provide a Free and Appropriate Public Education ("FAPE") for both the 2020-2021 and 2021-2022 school years.

24. However, the Impartial Hearing Officer ("IHO") denied N.A. reimbursements for the 2020-2021 tutoring services, finding a lack of evidence as to their appropriateness and to the equities attributable to a lack of advanced notice of the related issues, and denied reimbursement for the

6

IEE, on equitable grounds, also due to a lack of notice being sent to the DOE prior to the obtainment of the evaluation.

25. The IHO held in favor of N.A.'s unilateral placement and awarded full tuition reimbursement for the 2021-2022 SY at Issue, making N.A. the prevailing party.

26. On July 5, 2022, the DOE appealed the adverse findings in FOFD 216308, for both the 2020-2021 and 2021-2022 school years, and sought a reversal of the IHO's finding that Plaintiffs' were entitled to tuition reimbursements and funding in State Review Office for the State of New York ("SRO") 22-081.

27. N.A. cross-appealed the IHO's adverse findings on the issues of compensatory reimbursements for the 2020-2021 school year, and on the IEE reimbursement claim.

28. In SRO 22-081, the DOE's appeal was dismissed in whole, and N.A.'s cross-appeal was sustained in part, with a finding in favor of N.A., reversing the IHO's determination on the issue of the IEE reimbursement, while dismissing N.A.'s appeal on the matter of compensatory tutoring reimbursement, ultimately making N.A. the prevailing party again, with additional relief awarded on an appeal brought by the DOE.

29. The DOE implemented the underlying orders for relief over the course of the following year.

30. However, despite N.A.'s record submission for the related legal fee claims for IH 216308 and SRO 22-081 dated back to November 3, 2022, the DOE never responded with an initial offer in principle.

31. As such, the DOE has violated N.A.'s right to recuperate reasonable legal fees after protracting the process, arguably as of right, but ultimately with non meritorious appeal claims.

32. On April 28, 2024, Counsel requested the status of the DOE's offer, and the DOE's response indicated that it had yet to review the claim, while expressing that it would be expedited, ostensibly due to the serious delay and oversight in its review, which resulted in its review,

settlement, and performance of claims submitted long after N.A.'s November 3, 2022 submission.

33. N.A.'s related legal fees incurred for the administrative hearing and appeal in question total $31,070.00, which is well below market rate for a defended impartial hearing and appeal, relevant to the 95.6 hours of work performed, in large part, due to the DOE's imposition of ongoing disputes.

34. N.A. now incurs additional legal fees and costs related to the instant action which are the direct product of the DOE's failure to perform its duties under the IDEA.

## CAUSES OF ACTION

### First Cause of Action – Legal Fees for IH 216308

35. Plaintiff is the prevailing party for IH 216308.

36. Plaintiff incurred reasonable legal fees for IH 216308 and SRO 22-081 in the amount of $31,070.00 dollars.

37. Plaintiff is entitled to the payment of said legal fees by the DOE.

38. Plaintiff attempted to settle the legal fee claims with the DOE, however, the DOE failed to perform its related duties in whole by not reviewing N.A.'s claim at any time prior to April 28, 2024, if then, as Plaintiff has yet to receive an offer as of date.

39. The DOE's failure to have issued an offer at the time of the instant action places its earliest performance, (in the event that it immediately issues a reasonable offer), of said payment at another unreasonably delayed an ultimately unfeasible time for N.A. to continue incurring the related debt.

40. Plaintiff is entitled to an order for payment of the related fees for IH 216308 and SRO 22-081, as per the IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3).

### Second Cause of Action – Legal Fees for Federal Action

41. The DOE's failure to reasonably engage and resolve N.A.'s outstanding legal fees and related

8

claims for IH 216208 and SRO 22-081 has compelled N.A. to file the instant action to enforce said fee claims, resulting in N.A. incurring additional reasonable legal fees.

42. As such, pursuant to 20 U.S.C. § 1415(i)(3) and 42 U.S.C. §1983, Plaintiff should prevail in the instant action, and is entitled to an award for the payment of the related legal fees incurred.

### Third Cause of Action –Costs for Federal Action

43. Plaintiff incurred costs related to the filing fee for the instant action, and as such, pursuant to 20 U.S.C. § 1415(i)(3), Plaintiff is entitled to an award for the related costs.

### RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

44. Assume jurisdiction of this action and retain jurisdiction until the Court is notified that the Defendant has complied in full with the Court's order.

45. Declare N.A. prevailing party status for IH 216308 and SRO 22-081.

46. Award to Plaintiff N.A. the attorney's fees for the administrative proceeding and appeal in the matter of IH 216308 and SRO 22-081, pursuant to 20 U.S.C. § 1415 in the amount of $31,070.00 dollars.

47. Award Plaintiffs the costs, expenses and attorney's fees of this action.

48. Grant such other and further relief as the Court deems just and proper.

Dated: May 16, 2024  
New York, New York

Respectfully submitted,  
__/s/_____  
Noelle, Boostani, Esq.  
Law Office of Noelle Boostani  
1634 Church Ave. Apt. 8A  
Brooklyn, NY 11226  
T (727) 417 – 2609  
F (646) 224 – 8472  
Boostani@KidsWithSpecialMinds.com